IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 AUG -3  A 10: 29
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ERIC M. PEAGLER,

    Petitioner, Affiant

vs

Case No. 2:07cv703-mht

CR. NO. 2:02cr016-A

UNITED STATES OF AMERICA,

    Respondent.
_____/

AFFIDAVIT OF ERIC M. PEAGLER
IN SUPPORT OF MEMORANDUM OF LAW
IN SUPPORT OF MOTION FILED PURSUANT
TO 28 U.S.C. § 2255

    I the Petitioner, Eric M. Peagler, duly swears under the Penalty of Perjury, 28 U.S.C. § 1746 as the AFFIANT, that the following Affidavit in support of Petitioner's Memorandum of Law in Support of Motion filed Pursuant to 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct, is true and correct to the best of my ability:

    1. That I was arrested by the State of Alabama on November 21, 2001, and charged with Trafficking in Marijuana.

    2. That I was federally indicted on January 1, 2002, in the Middle District of Alabama, Case No. CR02-16 and sentenced to 180 months on November 22, 2002.

    3. That I began working with AGENT D. JOHN of the Montgomery Alabama, Federal DEA Task Force, shortly after my Federal Indictment on November 21, 2001.

    4. That I was first debriefed with the consent of my attorney MR. JEFFERY DUFFEY, by AGENT D. JOHN at the Federal Court House in

1.

the Middle of District of Montgomery, Alabama, while housed at the Montgomery City Jail in 2002.

5. That upon other informations, on or about December 2002/January, 2003, I recruited the help of my co-defendant RICHARD THOMAS, (who was out on bail), and furnished AGENT D. JOHN with information on a local drug dealer named FRANK SUGGS.

6. That AGENT D. JOHN, escorted me from the City Jail to meet with my co-defendant RICHARD THOMAS in the Agent's downtown office where we made a series of recorded phone calls to FRANK SUGGS, successfully setting up a drug buy involving 9 ounces of crack cocaine. Unfortunately, AGENT D. JOHN, arrived an hour late with the buy money and the deal was abandoned. Nonetheless, FRANK SUGGS' illegal drug dealings were documented.

7. That my Attorney MR. DUFFEY had knowledge of the FRANK SUGGS debriefing.

8. That in 2003, I gave AGENT D. JOHN, information on BOBBY JONES and my cousin ROD FORD involving their drug activity in the Montgomery, Alabama area. As a result of this information, AGENT D. JOHN recovered more than $85,000.00 dollars during a raid of BOBBY JONES' residence in 2004.

9. That also as a result of the ROD FORD debriefings, AGENT D. JOHN confiscated over $10,000.00 dollars during a traffic stop of ROD FORD, where ROD FORD abandoned his vehicle and escaped on foot.

10. That thereafter, AGENT D. JOHN, asked me to help him retrieve a cell phone number for ROD FORD, in which I complied.

11. That my attorney MR. DUFFEY was fully aware of the BOBBY JONES and ROD FORD debriefings.

AFFIDAVIT                                          2.

12. That while I served my concurrent state sentence in the Bibbs County Correctional Facility from August 28, 2003 through June 13, 2004, AGENT D. JOHN periodically checked in on me for information.

13. That on or about April/May, 2004, with the consent of my attorney MR. DUFFEY, I was called to the Captain's office of the Bibbs County Correctional Center and propositioned via telephone by AGENT D. JOHN to be a witness against MR. LEON CARMICHAEL in the Federal Drug case before the Honorable U.S. District Judge Myron H. Thompson. I agreed.

14. That at the completion of my concurrent state sentence, I was transferred to the Federal Correctional Medium Security Institution in Williamburg, South Carolina, where I was instructed to contact AGENT D. JOHN, on a weekly basis and I complied.

15. That I called AGENT D. JOHN on the following dates: 1-3-05; 2-14-05; 2-18-05; 3-01-05; 3-07-05; 3-09-05; 3-11-05; 3-16-05; 4-14-05; 5-02-05; 5-09-05; and 5-12-05.

16. That during those briefings, I informed AGENT D. JOHN of a drug dealer from Atlanta Georgia, named TERRY MORRIS.

17. That with the knowledge of my attorney MR. DUFFEY, I attempted to arrange a 20 kilogram cocaine deal from the FCI Williamburg Inmate Telephone system between myself and TERRY MORRIS for AGENT D. JOHN's benefit. See attachment A enclosed herein.

18. That I comprised 33 recorded phone calls through the Inmate Telephone system between the dates of 12-08-04 and 10-01-05. These phone calls are on file with the FCI Williamburg's SIS Offices.

19. That AGENT D. JOHN, for reasons unknown to me, did not act on the above informations right away, although I did find out about four months ago through TERRY MORRIS' brother Darryle Morris; that

AFFIDAVIT                                3.

TERRY MORRIS had since been arrested. However, I do not know the circumstances nor the extent.

20. That on or about November, of 2004, I contacted Birmingham, Alabama DEA AGENT CARL ANDERSON and arranged with the help of two of my friends, "RAYMOND HOWARD," and "MICHAEL MAYFIELD," an opportunity to set up a 50 pound marijuana buy with our contacts in Mexico to open a relationship with the Mexicans. RAYMOND HOWARD and MICHAEL MAYFIELD agreed to participate as long as the DEA agreed to credit me with the bust. My attorney MR. DUFFEY, was informed of these actions.

21. That on or about April of 2005, before the final stages of the operation, AGENT CARL ANDERSON upon conferring with AGENT D. JOHN, acquiescenced me with the following proposition: 'to cease and desist the current operation and focus my energy on the CARMICHEAL case. That as a reward for my testimony and cooperation "I would receive more than I can imagine... up to 50 to 70 percent off my federal sentence."'

22. That on or about June 1, 2005, I was transferred from the FCI in Williamburg, South Carolina to the Elmore County Detention Center in Alabama, and was debriefed by AGENT D. JOHN, PROSECUTOR S. FAGIN, and a female prosecutor concerning the LEON CARMICHEAL case.

23. That during the month of June, of 2005, I was transferred from the Elmore County Detention Center at least five times to the CARMICHEAL trial underway at the Federal District Court in Alabama.

24. That on or about June 15, 2005, I took the stand against LEON CARMICHEAL for approximately four to five hours, providing crucial information in securing the guilty verdict in favor of the Government.

25. That after my testimony and cooperation, I was returned to the FCI in Williamburg, South Carolina where I continued to debrief AGENT D. JOHN via telephone between 7-19-05 and 6-21-06.

AFFIDAVIT                                                4.

26. That while still at FCI Williamsburg, on December 1, 2005, Assistant United States Attorney A. Clark Morris, filed a motion on my behalf for a reduction in sentence pursuant to Rule 35, for only 12 months. I was promised at least 50 to 70 percent off my sentence.

27. That I was under the impression that my attorney MR. DUFFEY was on top of the matter and would have adjudicated my substantial assistance to the various DEA agencies on the record.

28. That had the Government been aware of the substantial assistance and risk I've taken in the numerous debriefings and buy and bust operations attempted and subsequent to these debriefings, I would have received a much higher sentence reduction.

29. That I am in constant fear of retaliation in the Bureau of Prisons system from inmates coming in and already into the system with the word going around that I worked with federal agents in Alabama and remain in constant danger from inmates with access/knowledge of published reports, (See, e.g., Montgomery Advertiser Newspaper article enclosed herein as Attachment B, highlighting My testifying against CARMICHAEL), as well as other televised and radio broadcast reports of this nationally exposed case.

30. As acquiescenced in an June 20, and November 11th 2005 letter to the United States Attorney TERRY MOORE, my mother suffered from a brain tumor and loss her speech in 2002 and is in bad shape living with my sister Eliza Ann Peagler, one of my two remaining living sisters who constantly expresses fear for her livelihood and safety after the CARMICHEAL verdict.

31. That also mentioned in my June, and November, 2005 letters to U.S. Attorney MOORE, I loss a sister in 2004 and another in 2005. I also loss a uncle in 2005, and recently I loss a brother in 2006

AFFIDAVIT                              5.

and my deceased uncle's wife in May of 2007.

32. I have an expressed positive and proficient work ethic as demonstrated by my completion of Vocational, Adult Continuing Education and Release Preparation Program courses, totalling over 700 hours, not to mention the 720 hours credited to me as a Residential Drug Abuse Program Instructor and the 500 hours credited to me as an Aerobics instructor with the Recreation Department here at FCI Yazoo, Mississippi. See Inmate Education Data Transcript attached herein as Attachment C.

33. That I have also displayed an expressed sympathetic nature and optimistic living skills among both staff and inmates authoritative of a Role Model as expressed in the accompanying letter from my FCI Yazoo Unit Counselor Mr. Griffin.

34. That the propensity for future criminal activity is non existent as I learned a life changing lesson from my loss of love-ones, my roller coaster ordeal and my maturity during my present trials.

35. That I have completed and earned through the BOP and the National Federation of Professional Trainers on August 4, 2006, a Certification as a Certified Personal Fitness Trainer. See Attachment D enclosed herein. I also have employment lined up upon my release from incarceration as Head Cook at O'Charley's restaurant.

36. That I was overly concerned of the fact that although I caused the Government less time and effort as I pled out to my crime in a timely fashion, I only received a 6% reduction in my sentence, where others received substantially more, although they caused the Government time and money, and on one occasion, did not even testify and received more time off than I. Example: Freddie Williams received a 50 percent reduction in his 120 month sentence... receiving 70 months.

AFFIDAVIT                            6.

See, Attachment E, enclosed herein.

37. That WALLACE SALERY took the Government to trial and was found guilty and subsequently received a 30 year sentence. Although he was called to testify against LEON CARMICHAEL, the Government never used him reasoning that MR. WILLAIMS' and My testimony was enough. WALLACE SALERY nontheless, received the same 12 month reduction in his sentence as I did. Evenmore, upon writing the Honorable District Court Judge Albright, WALLACE SALERY received an ADDITIONAL 24 MONTHS OFF HIS SENTENCE FOR A TOTAL OF 36 MONTHS.

38. That as a result of my cooperation in the CARMICHAEL case, the Government successfully forfeited over $5,000,000.00 dollars in assets from CARMICHAEL and subjected him to a substantial fine. All the more reason why I, The AFFIANT, ERIC M. PEAGLER, should receive the relief requested in his motion pursuant to 28 U.S.C. §. 2255, as he prays this Honorable Court will recognize the due diligence expressed by AFFIANT's efforts. See Attachment B, for a list of some of the forfeited items suffered CARMICHEAL.

That I swear under the Penalty of Perjury that the above Affidavit is true and correct to the best of my ability, pursuant to 28 U.S.C. Section 1746.

Dated: July 30, 2007.

Respectfully Submitted,

ERIC M. PEAGLER
Reg. No. 07403-002
Federal Correctional Center
P.O. BOX 5000
Yazoo City, MS. 39194-5000

AFFIDAVIT                                7.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing Affidavit in Support of 28 U.S.C. § 2255 motion to:

>THE OFFICE OF THE U.S. ATTORNEY
>Middle District of Alabama
>P.O. Box 197
>Montgomery, AL. 36101-0197

on this 30th day of July, 2007.

_____
ERIC M. PEAGLER

March 24, 2005

Eric Matthew Peagler
Reg. No. 07403-002
Federal Correctional Institution Williamsburg
P. O. Box 340
Salters, South Carolina   29590

and

John Wesley Lowe
Reg. No. 81726-020
Federal Correctional Institution Williamsburg
P. O. Box 340
Salters, South Carolina   29590


Federal Bureau of Investigation
Attn: Squad 5
151 Westpark Blvd.
Columbia, South Carolina   29210

    RE: Offer to provide substantial assistance in the invest-
      igation and/or prosecution of individual involved
      in criminal activity [drug distribution] within the
      Northern District of Georgia, Atlanta, Georgia.

      Terry Morris
      195 14th Street, Apartment 709
      Atlanta, Georgia   30309
      [678] 754-6900
      Black Male, Med-Brown Complexion, 5'9" to 5' 11' tall,
      150lbs to 160lbs weight, Large Gap in Front Upper
      Teeth

To Whom It May Concern

we are writing you in reference to providing assistance in the investigation
and/or prosecution of Terry Morris, who we know to be distributing
large quantities of cocaine and cocaine base in the Atlanta, Georgia
area, and elsewhere.

Eric Peagler is currently incarcerated serving a federal sentence
as identified by the documents attached hereto as Exhibit A.

John Lowe is also currently incarcerated serving a federal sentence
as identified by the documents attached hereto as Exhibit B.

Eric Peagler has known Terry Morris all of his life and know him to

be a large quantity cocaine dealer for an extended period of time. Since his incarceration, Peagler has been in constant contact with Terry Morris and on a number of occassions, discussed purchasing a large quantity of cocaine and crack cocaine from Morris. Morris states that he has a connection with foreign drug dealers and make all of his money off of selling large weight. Morris is known to have distributed large quantities of cocaine in Texas, Atlanta, Memphis and Montgomery, Alabama. Morris was seen, by Peagler, in late 2001 at the Embassy Suites in Montgomery, Alabama with 20 kilograms of cocaine. The following is a list of calls made to Morris, by Peagler from prison:

February 16, 2005 call made at approximately 8:20p.m.
February 16, 2005 call made at approximately 8:36p.m.
February 17, 2005 call made at approximately 11:26a.m.
February 18, 2005 call made at approximately 11:27a.m.
March 1, 2005 call made at approximately 10:25a.m.
March 1, 2005 call made at approximately 5:40p.m.
March 4, 2005 call made at approximately 9:45a.m.
March 5, 2005 call made at approximately 5:30p.m.
March 7, 2005 call made at approximately 2:10p.m.
March 8, 2005 call made at approximately 6:16p.m.
March 11, 2005 call made at approximately 5:52p.m.
March 12, 2005 call made at approximately 1:38p.m.
March 15, 2005 call made at approximately 10:41a.m.
March 18, 2005 call made at approximately 1:10p.m

Each of the forestated calls were made from prison phones at FCI-Williamsburg by Eric Peagler, and under his PIN Number: 515662582. Each call was made to set up a deal whereby Morris would sell a large quantity of drugs and that John Lowe would set up the buyer for the drugs. The deal was discussed for the specific purposes of notifying law enforcement officials regarding the criminal activity.

As it currently stands, Morris is willing to sell a large quantity of drugs to an induvidual authorized by Peagler and Lowe at any time. Because Lowe and Peagler wanted ample time to notify law enforcement and because Lowe and Peagler are only authorized 300 minutes of phone time per month, the deal was set up for execution during the first few days of April of 2005.

Lowe remembers Morris from Atlanta, Georgia and remembers buying at least an ounce of crack cocaine each week from Late October 1996 to Early may of 1997, and will act, through designated agent(s), as buyer of the cocaine from Morris. At present, Lowe and Peagler can authorize a buyer to purchase up to 10 kilograms of cocaine from Morris at a price of $20,000 per kilogram. The phone conversations, which were recorded by institutional staff, will reveal discussions about "chickens" which refers to kilograms of cocaine, "cookies" which refers to crack cocaine and "onions" which refers to ounces of powder cocaine.

It is believed, by Peagler and Lowe, that a controlled purchase of cocaine can be set up and executed by law enforcement, by phone and

from prison.

Peagler and Lowe caused the Atlanta Office of the Drug Enforcement Administration to be contacted requesting a contact name and number of an agent. Peagler and Lowe was advised to write to this office at this address. Peagler and Lowe was also provided with a Atlanta Phone Number - 404-679-9000- and will contact that phone number on Friday, April 1, 2005 for further instructions. No further actions will be taken, either by Peagler or Lowe, until advised to do so by law enforcement officials.

Peagler and Lowe offer this assistance to law enforcement freely and voluntarily. However, should the information and assistance result in arrest and criminal prosecution, Peagler and Lowe would request that a sentence reduction motion be recommended to their respective sentencing jurisdictions, by the prosecuting jurisdiction.

Further, Peagler and Lowe believes that Morris makes his money by selling kilograms of cocaine, and that he receives approximately $1,000.00 per kilogram sold. Once apprehended, in a controlled by, Peagler and Lowe believes that Morris will fully cooperate regarding his drug supply sources.

Please review this material and make the necessary arrangements to receive our call on April 1, 2005 at the 404-679-9000 phone number. Should a controlled purchase be deemed necessary, such transactions must occur within Atlanta, Georgia.

While remaining most respectfully yours, we thank you in advance for your assistance.

Sincerely Yours,

_____
Eric M. Peagler

and

_____
John W. Lowe

cc:   United States Attorney's Office, Northern District of Georgia, 600 Russell Federal Bldg., 75 Spring Street, S.W. Atlanta, Georgia  30303

file

ATTACHMENT "B"

# THE CARMICHAEL CENTER & SURROUNDING ACREAGE

The Carmichael Center - a MultiPurpose Facility for entertainment venues-conventions-concerts-receptions-balls-banquets-church services-distribution center-satellite campus-seminars-graduations-training - comfortably seats 3000 concert style. Designed by W.L. Bush Architects of Montgomery this is a brick building with metal roof. Ground floor is 24,541 square feet, including 25x49 foot stage, and 1892 square feet of area of which includes 7 private offices, a conference room, a waiting room and reception area. The mezzanine floor is 828 square feet. Lobby area includes the ticket booth. Approximately 569 parking spaces which inlcues 12 handicapped spaces. 150 E. Fleming Rd. $2,500,000. Call Jimmie Ann 221-5800.

The 3 parcels (370± acres) surrounding the Carmichael Center is a short distance, from the Hyundai plant site! The property runs from Fleming Road to the John Simmons property line to Catoma Creek, then runs west to Highway 331 and crosses it to the CSTX Rail line. It follows the railroad to the Otis Pierce property and turns east back to Highway 331 and runs north to the first business on the east side of Norman Bridge, turns east, then north and runs back to Fleming Road. The property has a lake, a power transmission line easement and flood plain along the creek. Great frontage on U.S. Highway 331. 4310 Norman Bridge Rd. $699,900. Call Jimmie Ann 221-5800.

▲ MONTGOMERY

# Attorney: Carmichael to testify

## Prosecutors rest case in drug trial

**By William F. West**
Montgomery Advertiser
bwest1@gannett.com

An attorney for Leon Carmichael says she plans to put her client on the witness stand to defend himself against federal drug charges.

"We anticipate it," Lisa Williams' attorney, Barry Wayne told District Judge Myron Thompson in court Tuesday afternoon, though she emphasized her strategy depends on how the trial goes.

Shortly after 4 p.m. Tuesday, prosecutors rested a nearly six-day case against Carmichael, who is accused of drug trafficking and money laundering, and Freddie Williams, who is accused of conspiracy.



Carmichael    Williams

as the defense's second witness was testifying. Wayne said she expects at least a dozen defense witnesses to be called. The trial resumes at 8:30 a.m. today.

Should defense attorneys choose to put Carmichael on the stand, his case will benefit from a judge's ruling that will prohibit prosecutors from bringing up a 1976 murder conviction for which Carmichael was pardoned in 1988.

federal prisoner, Eric Peagler, who said Carmichael loaned him marijuana to sell.

"He did me a favor, and he was looking for a favor back," Peagler said.

Peagler said the transaction, which involved 50 pounds of the drug, happened because his routine connections weren't able to bring him a supply from Mexico.

Teague, didn't indicate whether he'd put his client on the stand.

One of the prosecution's last key witnesses was a Court recessed Tuesday

Prosecutors wanted to bring up the conviction to support testimony of some witnesses who claimed they felt threatened by Carmichael.

During the afternoon, one of the prosecutors, Terry Moorer, was rebuked by the judge for trying to make a last-minute request to enter voluminous telephone records into evidence.

"Don't do this again," Thompson said. "That's just not right."

ATTACHMENT "B"                    ▲ PRATTVILLE

## ATTACHMENT "C"

```
YAZDX            *        INMATE EDUCATION DATA      *    07-18-2007
PAGE 001 OF 001  *            TRANSCRIPT             *    09:26:38

REGISTER NO: 07403-002    NAME..: PEAGLER
FORMAT.....: TRANSCRIPT   RSP OF: YAZ-YAZOO CITY FCI       FUNC: PRT

-------------------------- EDUCATION INFORMATION ---------------------------
FACL ASSIGNMENT DESCRIPTION                START DATE/TIME   STOP DATE/TIME
YAZ  ESL HAS    ENGLISH PROFICIENT         08-24-2004 1938   CURRENT
YAZ  GED EARNED GED EARNED IN BOP          06-01-1991 1044   CURRENT

--------------------------- EDUCATION COURSES -----------------------------
SUB-FACL   DESCRIPTION                   START DATE   STOP DATE  EVNT AC LV  HRS
YAZ        MARKETING LOW                 04-04-2007   05-30-2007  P   C  P   16
YAZ        AEROBICS                      03-06-2007   06-27-2007  P   C  P  500
YAZ        WELLNESS RDAP                 04-18-2007   06-06-2007  P   C  P  720
YAZ        RPP1 CARDIO & STRENGTH COND   05-15-2007   06-17-2007  P   C  P   10
YAZ        BASIC MATH LOW                04-05-2007   06-12-2007  P   C  P   40
YAZ        RPP6 COPING W/ PRISON STRESS  02-05-2007   03-12-2007  P   C  P    5
YAZ        AEROBICS                      03-13-2007   05-04-2007  P   C  P   12
YAZ        RPP6 CURRENT EVENTS           02-14-2007   02-14-2007  P   C  P   10
YAZ        RPP3 FINANCIAL ANALYSIS LOW   11-08-2006   12-28-2006  P   C  P   16
YAZ        INTRODUCTION TO LAW           11-07-2006   12-28-2006  P   C  P   16
YAZ        PARENTING LOW T 130-330       11-09-2006   12-28-2006  P   C  P   16
YAZ        RPP1 INFECTIOUS DISEASE AWARE 10-02-2006   10-02-2006  P   C  P    1
WIL        RPP #6 BUILDING/REALSTATE     05-12-2006   06-21-2006  P   C  P   20
WIL        FCI MONEY MANAGEMENT          05-17-2006   06-12-2006  P   C  P    4
WIL        OSHA CONSTRUCTION TRAINING    11-30-2005   12-08-2005  P   C  P   30
WIL        FCI MONEY MANAGEMENT          03-03-2006   03-08-2006  P   C  P    4
WIL        RECREATION CLASS              01-22-2006   03-01-2006  P   C  P    6
WIL        RECREATION CLASS              08-16-2005   02-03-2006  P   C  P   12
WIL        RPP #6 NON RESIDENTIAL DRUG   12-02-2005   12-23-2005  P   C  P   32
WIL        STOCK INSTRUCTION             10-28-2005   01-09-2006  P   C  P   20
WIL        RECREATION CLASS              11-02-2005   12-08-2005  P   C  P    6
MON        CHEMICAL/SUBSTANCE ABUSE      05-04-1989   08-04-1989  P   C  P   72
MON        TRENHOLD TECH THURSDAY EVENING 09-12-1990  12-28-1990  P   C  P    0
MON        TRENHOLM TECH WEDNESDAY EVENIN 09-12-1990  12-28-1990  P   C  P    0
MON        TRENHOLM TECH TUESDAY EVENING 09-12-1990   12-28-1990  P   C  P    0
MON        TRENHOLM TECH MONDAY EVENING  09-12-1990   12-28-1990  P   C  P  160
MON        GENERAL EDUC DEVELOPMENT      11-14-1989   02-01-1990  P   C  P   60
MON        ADULT BASIC EDUCATION EVENING 12-17-1988   02-23-1989  P   C  P   70
MON        ADULT BASIC EDUCATION         01-13-1989   03-13-1989  P   W  V    0




G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

## ATTACHMENT "C"

ATTACHMENT "C"

```
YAZDX              *        INMATE EDUCATION DATA        *    07-18-2007
PAGE 001 OF 001    *              TRANSCRIPT             *    09:26:38

REGISTER NO: 07403-002      NAME..: PEAGLER                   FUNC: PRT
FORMAT.....: TRANSCRIPT     RSP OF: YAZ-YAZOO CITY FCI
```

---------------------------- EDUCATION INFORMATION ----------------------------

| FACL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|---|---|---|---|---|
| YAZ | ESL HAS | ENGLISH PROFICIENT | 08-24-2004 1938 | CURRENT |
| YAZ | GED EARNED | GED EARNED IN BOP | 06-01-1991 1044 | CURRENT |

------------------------------ EDUCATION COURSES ------------------------------

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|---|---|---|---|---|---|---|---|
| YAZ | MARKETING LOW | 04-04-2007 | 05-30-2007 | P | C | P | 16 |
| YAZ | AEROBICS | 03-06-2007 | 06-27-2007 | P | C | P | 500 |
| YAZ | WELLNESS RDAP | 04-18-2007 | 06-06-2007 | P | C | P | 720 |
| YAZ | RPP1 CARDIO & STRENGTH COND | 05-15-2007 | 06-17-2007 | P | C | P | 10 |
| YAZ | BASIC MATH LOW | 04-05-2007 | 06-12-2007 | P | C | P | 40 |
| YAZ | RPP6 COPING W/ PRISON STRESS | 02-05-2007 | 03-12-2007 | P | C | P | 5 |
| YAZ | AEROBICS | 03-13-2007 | 05-04-2007 | P | C | P | 12 |
| YAZ | RPP6 CURRENT EVENTS | 02-14-2007 | 02-14-2007 | P | C | P | 10 |
| YAZ | RPP3 FINANCIAL ANALYSIS LOW | 11-08-2006 | 12-28-2006 | P | C | P | 16 |
| YAZ | INTRODUCTION TO LAW | 11-07-2006 | 12-28-2006 | P | C | P | 16 |
| YAZ | PARENTING LOW T 130-330 | 11-09-2006 | 12-28-2006 | P | C | P | 16 |
| YAZ | RPP1 INFECTIOUS DISEASE AWARE | 10-02-2006 | 10-02-2006 | P | C | P | 1 |
| WIL | RPP #6 BUILDING/REALSTATE | 05-12-2006 | 06-21-2006 | P | C | P | 20 |
| WIL | FCI MONEY MANAGEMENT | 05-17-2006 | 06-12-2006 | P | C | P | 4 |
| WIL | OSHA CONSTRUCTION TRAINING | 11-30-2005 | 12-08-2005 | P | C | P | 30 |
| WIL | FCI MONEY MANAGEMENT | 03-03-2006 | 03-08-2006 | P | C | P | 4 |
| WIL | RECREATION CLASS | 01-22-2006 | 03-01-2006 | P | C | P | 6 |
| WIL | RECREATION CLASS | 08-16-2005 | 02-03-2006 | P | C | P | 12 |
| WIL | RPP #6 NON RESIDENTIAL DRUG | 12-02-2005 | 12-23-2005 | P | C | P | 32 |
| WIL | STOCK INSTRUCTION | 10-28-2005 | 01-09-2006 | P | C | P | 20 |
| WIL | RECREATION CLASS | 11-02-2005 | 12-08-2005 | P | C | P | 6 |
| MON | CHEMICAL/SUBSTANCE ABUSE | 05-04-1989 | 08-04-1989 | P | C | P | 72 |
| MON | TRENHOLD TECH THURSDAY EVENING | 09-12-1990 | 12-28-1990 | P | C | P | 0 |
| MON | TRENHOLM TECH WEDNESDAY EVENIN | 09-12-1990 | 12-28-1990 | P | C | P | 0 |
| MON | TRENHOLM TECH TUESDAY EVENING | 09-12-1990 | 12-28-1990 | P | C | P | 0 |
| MON | TRENHOLM TECH MONDAY EVENING | 09-12-1990 | 12-28-1990 | P | C | P | 160 |
| MON | GENERAL EDUC DEVELOPMENT | 11-14-1989 | 02-01-1990 | P | C | P | 60 |
| MON | ADULT BASIC EDUCATION EVENING | 12-17-1988 | 02-23-1989 | P | C | P | 70 |
| MON | ADULT BASIC EDUCATION | 01-13-1989 | 03-13-1989 | P | W | V | 0 |

G0000        TRANSACTION SUCCESSFULLY COMPLETED

ATTACHMENT "C"



**National Federation of Professional Trainers**

PO Box 4579 • Lafayette, IN 47903 • 1-800-729-6378 • Fax: 765-471-7369 • www.nfpt.com – nfpt@nfpt.com

Friday, August 04, 2006
**Membership Number: 29676**

Eric Peagler
FCI Williamsburg
8301 US Highway 521
Salters, SC 29590

Dear Eric:

Congratulations on your successful completion of the NFPT examination. For verification purposes, you will find your NFPT Certificate and Membership Card to accompany this letter. The scaled score required to pass this examination is 74. Your score is 90.

Below are the 6 content categories of the exam with a percentage that represents the test weight of that content area and a ranking numeral that indicates your relative performance in answering the questions for that area. The numeral 6 indicates your highest ranking and the numeral 1 your lowest scoring content area.

| Human Physiology | 20% | 6 |
| --- | --- | --- |
| Identify Client's Goals & Implement Exercise Program | 25% | 5 |
| Understand Characteristics of Wellness | 10% | 4 |
| Exercise Physiology | 25% | 3 |
| Human Anatomy | 15% | 2 |
| Professional and Legal Practices | 5% | 1 |

It is of the utmost importance that you review and comply with the NFPT policies and procedures as outlined in the *Candidate Handbook* found from www.nfpt.com. Market your services enthusiastically paying special attention to educating your clients while adhering to NFPT guidelines.

The NFPT will require the completion of Continuing Education Credits (CEC's) **after** you have been certified for one entire year, refer to the enclosed certificate for your expiration date. These credits can be obtained through NFPT's web-magazine by taking self-tests found in the months of June and December by following the magazine link at www.nfpt.com. NFPT recognizes other sources of continuing education credits as well, please refer to our website to link to these recognized courses. Continuing education is not a recommendation; it is a requirement.

Visit our website today at www.nfpt.com! The NFPT offers many support products and services to include, software for developing training programs, job placement opportunities, specialty certificate programs, clothing for your NFPT professional athletic apparel, business coaching books, and more!!! We look forward to providing you with the best in Personal Trainer services and industry recognition. Please call directly at 800-729-6378 with any questions. Thank you and again, congratulations!

Cordially,

*April Pattee*

April M. Pattee
Director of Human Resources
National Federation of Professional Trainers, NFPT, Inc.

ATTACHMENT "D"

ATTACHMENT "E"

# Williams gets 70 months in prison on drug charges

By Crystal Bonvillian
cbonvillian@gannett.com

A co-conspirator in the Leon Carmichael drug case was sentenced to nearly six years in prison Wednesday after striking a deal with federal prosecutors.

U.S. District Judge Myron H. Thompson sentenced Freddie Williams to 70 months in prison, in accordance with the sentencing agreement reached May 21.

Williams, 62, originally faced 10 years to life in prison on charges of conspiracy to possess with the intent to distribute a controlled substance and distribution of a controlled substance.

Leura Canary, U.S. attorney for the Middle District of Alabama, said her office struck the deal with Williams because investigators believe he could be able to help with the investigation of other individuals involved in the decade-long marijuana trafficking scheme.

Canary would not confirm or deny any current or future investigations of Carmichael's drug ring.

She said she is satisfied that Williams received an adequate sentence.

"The sentence that Mr. Williams received was a just sentence for the amount of involvement he had in the Carmichael drug ring," Canary said. "He was not a very high person on the rungs of the organization's ladder. He was more or less someone who did errands for Mr. Carmichael."

Williams' attorney, Dan Hamm, did not return phone calls seeking comment Wednesday.

Carmichael was sentenced in March to 40 years in prison on drug trafficking and money laundering charges.

Former Montgomery police officer George David Salum III was convicted of obstruction charges after releasing the photo of an undercover DEA agent on the case to private investigators working on Carmichael's defense team. The photo was later posted on a Web site seeking information on informants in the case.

Carmichael and Williams were first arrested in November 2003, after federal agents found weapons and more than 500 pounds of marijuana in Williams' house. Both were convicted in June 2005.

**Williams**

President/publisher 334-261-1582
Scott M. Brown  smbrown@gannett.com
Executive editor  334-261-1509

Subscribe and save
(Suggested weekly home

Set it straight

CUSTOMER SERVICE

ATTACHMENT "E"