IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC M. PEAGLER, | ) |
| | ) |
|    Petitioner | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:07cv703-MHT |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Respondent. | ) |

### RESPONSE TO MOVANT'S MOTION FOR A CORRECTION OF SENTENCE

COMES NOW the United States of America, by and through the United States Attorney, Leura G. Canary, and responds to the Court's Order regarding the applicability of the period of limitation pursuant to 28 U.S.C. § 2255 as follows:

1.    Defendant was originally sentenced on November 12, 2002. Defendant's judgement of conviction was filed on November 22, 2002.

2.    Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on July 30, 2007, almost five years after the judgment of conviction was filed.

3.    28 U.S.C. § 2255, requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

4.    The judgment became final on November 22, 2002, when the judgment of conviction was filed.[1] Because the defendant filed his § 2255 motion almost five years after the judgment became final, the motion is untimely. One could surmise that the

---

[1] Defendant did not file an appeal from his original conviction. Defendant filed an appeal from his re-sentencing, but such appeal was dismissed.

defendant is attempting to begin the one year period of limitation after his Rule 35 sentencing reduction. The Court reduced the defendant's sentence on December 6, 2005.[2]

5. Further, 18 U.S.C. §3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment. Specifically, § 3582 states:

> (b) Effect of finality of judgment-Notwithstanding the fact that a sentence to imprisonment can be subsequently be –
> (1) *modified pursuant to the provisions of subsection (c)*;
> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
> a judgment of conviction that includes such a sentence *constitutes a final judgment* for all other purposes.

Title 18, United States Code, § 3582 (b)(emphasis added).

6. When examining § 3582(b)(1), one must examine § 3582(c)(1)(B) which states: "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Even if a sentence is modified pursuant to Rule 35, based on §3582(b) and (c)(1)(B), a Rule 35(b) motion does not affect when a conviction becomes final. *See, United States v. Gericke*, 2007 WL 1291098 (D. Neb. 2007)(judgment of conviction "constitutes a final judgment for all other purposes" under § 3582(b), including the beginning of § 2255 subsection (1)'s limitations period.).

7. Based on the foregoing, the defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is time-barred and should be dismissed.

---

[2]If one were to use December 6, 2005, as the date that the conviction became final, the Defendant's motion would still be untimely.

Respectfully submitted this the 6th day of September, 2007.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ A. Clark Morris
>A. CLARK MORRIS
>Assistant United States Attorney
>131 Clayton Street
>Montgomery, Alabama 36104
>Telephone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: clark.morris@usdoj.gov

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **ERIC M. PEAGLER,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 2:07cv703-MHT** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served a copy on Eric M. Peagler, Reg. No. 07403-002, Post Office Box 5000, Yazoo City, Mississippi, 39194, by depositing a copy of same in the United States mail, first class, postage prepaid, and properly addressed to him on this the 6th day of September, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov