IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC M. PEAGLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:07cv703-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc.. No. 5) addressing the applicability of the period of limitation to the motion to vacate under 28 U.S.C. § 2255 that was filed on July 30, 2007, by federal inmate Eric M. Peagler ("Peagler"). In its response, the government argues that Peagler's § 2255 motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1] Specifically, the government contends that Peagler's conviction for conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana became final in 2002 and that his § 2255 motion was filed long after expiration of the one-year period of limitation. (Doc. No. 5 at 2-3.)

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins

---

[1] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

from the latest date of

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Peagler was convicted and adjudged guilty on July 26, 2002, and he was sentenced on November 12, 2002. (*See* Criminal Docket for Case No. 2:02cr16-WHA.) The district court entered Judgment in Peagler's case on November 22, 2002, and Peagler did not file a direct appeal. (*Id.*) By operation of law, then, Peagler's conviction became final on December 2, 2002 – 10 days after the district court entered its Judgment.[2] Thus, Peagler had until December 2, 2003, to file a timely § 2255 motion. However, he filed his motion on July 30, 2007, more than three years after expiration of the one-year period of limitation.[3]

---

[2] *See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's Judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

[3] On December 6, 2005, the district court granted a motion for sentence reduction pursuant to Fed.R.Crim.P. 35(b) that was filed by the United States on the basis of Peagler's substantial assistance to the government. (*See* Criminal Docket for Case No. 2:02cr16-WHA.) That sentence modification, however, did not affect the date of finality of Peagler's conviction. *See* 18 U.S.C.
(continued...)

It does not appear that any of § 2255's exceptions to application of the period of limitation are applicable in this case. Specifically, Peagler's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, the court notes that the government has not prevented Peagler from filing an earlier motion, nor has Peagler submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of his conviction.

Under the circumstances outlined herein, it appears to the court that the one-year period of limitation of 28 U.S.C. § 2255 expired prior to Peagler's filing his motion to vacate. Accordingly it is

ORDERED that **on or before September 28, 2007,** Peagler shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year period of limitation established by the AEDPA.

Done this 7th day of September, 2007.

      /s/Charles S. Coody
      CHARLES S. COODY
      CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3](...continued)
§ 3582(b)-(c); *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001); *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001).