IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



2007 SEP 20  A 10: 17

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

ERIC M. PEAGLER,

    Petitioner,

vs                       CIVIL ACTION NO. 2:07cv703-MHT

UNITED STATES OF AMERICA,

    Respondent.

_____/

## PETITIONER'S RESPONSE TO THE COURT'S ORDER OF SEPTEMBER 7, 2007

**COMES NOW**, the Petitioner, Eric M. Peagler, pro se, respectfully showing cause why his 28 U.S.C. § 2255 motion should not be dismissed as it "was" filed within the one-year period of limitation established by the AEDPA, and every lawyer should have known that. See Magwood v. Jones, 472 F.Supp.2d 1333, 1337 (M.D. Ala. 2007).

Since, the Assistant U.S. Attorney has made a strong attempt to delay or mislead this Honorable Court. Fundamentally Petitioner ask that this Honorable Court consider these attempts to delay or mislead the Court on the point and authorities raised in the 28 U.S.C. § 2255 as an admission of the correctness of Petitioner's argument.

On November 12, 2002, Petitioner was sentenced and his original judgment of conviction was filed on November 22, 2002. Maderos v. United States, 218 F.3d 1252, 1253 (11th

Cir. 2000)(noting, in § 2255 cases where no appeal was filed,
that judgment become final "ten (10) days after it was
entered," citing F.R.A.P. 4(b)(1)).    On December 1, 2005,
pursuant to an agreement, the Government moved for a twelve
(12) month sentence reduction for substantial assistance.
(See Dkt. # 292).    The motion was granted.    On December 6,
2005, Petitioner was sentenced to 168 months in prison.
Petitioner was not represented in this criminal proceeding.
At the sentencing, the Court was not made aware of the
reduction agreement that had been argeed upon between
Petitioner and the Government.    Therefore, as required by Rule
4(b)(1) Petitioner timely filed "Notice of Appeal."    See
United States v. Scott, 124 F.3d 1328, 29-30 (10th Cir.
1997)(holding that a prisoner's motion to vacate was not
successive where his first motion to vacate resulted in
resentencing and reinstatement of his right to direct appeal).

On October 11, 2006, after learning his issue was an
argument of ineffective assistance of counsel, not a court
error for direct appeal, Petitioner respectfully ask the
United States Court of Appeals for the Eleventh Circuit to
dismiss his appeal.    The Appeals Court granted the request and
issue a mandate on November 6, 2006, beginning the one-year
period of limitation from "the date on which the judgment of
conviction became final."  (See Appeal No. 06-11334-GG).

The issue presented in this case is whether the statute
of limitation for a habeas petition challenging a resentencing
court's judgment begins to run from the date of the judgment

2

of the resentencing hearing, or whether the limitation period
should relate back to the date of the judgment of the original
conviction.    The plain meaning of the statute supports the
conclusion that the statute cf limitation runs from the date
of the resentencing judgment and not the date of the orignal
judgment.    Under the AEDPA, the statute of limitations is
calculated from "the date on which the judgment became final
by the conclusion of direct review or the expiration of the
time for seeking such review."    28 U.S.C. § 2244(d)(1)(A).
The judgment Petitioner seeks to challenge is the judgment at
resentencing.    The statute of limitation therefore began to
run on November 6, 2006, the date the mandate became final by
the conclusion of direct review.    See Hepburn v. Moore, 215
F.3d 1208, 1209 (11th Cir. 2000)(per curiam)("Every circuit
that has addressed the issue has agreed that, under the AEDPA,
when new claims orginate at resentencing, those claims may be
brought in a subsequent habeas petition without the necessity
of obtaining permission from the circuit court before filing
the petition."); In re Taylor, 171 F.3d 185, 187-88 (4th Cir.
1999)(section 2255 motion was not "second or successive" when
it raised claims that originated at resentencing); Esposito
v. United States, 135 F.3d 111, 113 (2nd Cir. 1997)(per
curiam)(section 2255 motion challenging resentencing was only
second or successive "to the extent that it challenge[d] the
underlying conviction or seeks to vacate any commponent of the
original sentence that was not amended" (quoting Galtieri v.
United States, 128 F.3d 33, 38 (2nd Cir. 1997))); Walker v.

3

Roth, 133 F.3d 454, 455 (7th Cir. 1997)(per curiam)("We hold
that a second habeas petition attacking for the first time the
constitutionality of a newly imposed sentence is not a second
or successive petition."); United States v. Scott, supra at
1330 (allowing § 2255 motion to challenge ineffective
assistance of counsel at resentencing); see also Dahler v.
United States, 259 F.3d 763, 765 (7th Cir. 2001); United
States v. Barrett, 178 F.3d 34, 43-44 (1st Cir. 1999)(noting
that "decisions have crated an exception . . . when the second
petition challenges parts cf the judgment that arose as the
result of the success of an earlier petition" and noting that
that exception did not apply); Luckett v. McDaniel, No. 99-
15044, 2000 WL 340124, at *1 (9th Cir. Mar. 28,
2000)(unpublished)(same).  By contrast, no circuit that has
addressed the issue has held that a § 2255 motion or a habeas
petition that addresses an issue that originates at
resentencing is a second or successive petition.

In the instant case, Petitioner is contesting issues that
originated at his resentencing.  Petitioner's motion alleges
that counsel rendered ineffective assistance at resentencing.

**WHEREFORE,** based on the foregoing, Petitioner's motion to
vacate, set aside, or correct sentence, pursuant to 28 U.S.C.
§ 2255 is timely.  The Eleventh Circuit has concluded that,
under AEDPA, habeas petitions challenging the
constitutionality of a resentencing proceeding are not
successive to petitions that challenge the underlying
conviction and original sentence.  In re Green, 215 F.3d 1195,

4

1196 (11th Cir. 2000)(per curiam);  see also 2 Hertz & Liebman, Federal Habeas Corpus Practice & Procedure § 28.3b(i), at 1412 (5th ed. 2005)("When a petitioner files a second or subsequent petition to challenge a criminal judgment other than the one attacked in an earlier petition, it cannot be said that the two petitions are 'successive.'").

**DATED:**  This _/7_ day of September, 2007.

                            Respectfully Submitted,


                            Eric M. Peagler
                            Reg. No. 07403-002
                            P.O. Box 5000
                            Yazoo City, MS 39194

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that I have served a true and correct copy of the foregoing Response to the Court Order of September 7, 2007, to:  A. Clark Morris
                    Assistant U.S. Attorney
                    131 Clayton Street
                    Montgomery, Alabama 36104

on this _/7_ day of September, 2007.


                            Eric M. Peagler

5

Eric M. Peagler
Reg. No. 07403-002
P.O. Box 5000
Yazoo City, MS 39194

LEGAL MAIL

7004 2890 0003 1050 8988




Clerk of Court
U.S. District Court
Middle District of Alabama
P.O. Box 711
Montgomery, AL 36101-0711