IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC M. PEAGLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:07cv703-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Eric M. Peagler ("Peagler"), a federal inmate proceeding *pro se*, brings this action as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

**I. PROCEDURAL HISTORY**

On July 26, 2002, pursuant to a plea agreement, Peagler pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846.[1] On November 12, 2002, the district court sentenced Peagler to 180 months in prison. The court entered judgment in Peagler's case on November 22, 2002. Peagler did not appeal from this judgment.

Over three years later, on December 1, 2005, the United States filed a motion to reduce Peagler's sentence pursuant to Federal Rule of Criminal Procedure 35(b), based on

---

[1]The plea agreement contained a waiver provision whereby Peagler relinquished his right to collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.

Peagler's efforts to provide substantial assistance in the investigation and prosecution of other persons committing criminal offenses. That motion was granted, and on December 6, 2005, the district court reduced Peagler's term of imprisonment to 168 months. Peagler did not file an appeal from that ruling. On December 19, 2005, Peagler, acting *pro se*, filed a motion to reduce sentence pursuant to Fed.R.Crim.P. 35. The district court denied Peagler's motion on February 14, 2006. Peagler appealed that ruling to the Eleventh Circuit on February 24, 2006. However, he later moved to voluntarily dismiss the appeal, and on November 6, 2006, the Eleventh Circuit granted his motion and entered a judgment of dismissal.

On July 30, 2007 (Doc. No. 1),[2] Peagler filed the instant motion pursuant to 28 U.S.C. § 2255, setting forth claims that (1) his counsel rendered ineffective assistance by failing to argue for a greater sentence reduction in proceedings on the government's Rule 35(b) motion and (2) the government breached an agreement to recommend a substantially greater sentence reduction than it recommended in the Rule 35(b) motion. In addition, Peagler contends he is entitled to a hearing where he would be allowed to present evidence relating to the breached agreement.

Pursuant to the orders of this court, the United States filed a response (Doc. No. 5) addressing the applicability of 28 U.S.C. § 2255's one-year limitation period to Peagler's

---

[2]Although the § 2255 motion was date-stamped "received" in this court on August 3, 2007, it was signed by Peagler on July 30, 2007. Under the "mailbox rule," a *pro se* inmate's motion is deemed filed the date it is delivered to prison officials for mailing, here, presumptively July 30, 2007, the date Peagler signed it. *See Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

2

motion. *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[3] The government contends that Peagler's conviction became final in 2002 and that, consequently, his § 2255 motion was filed long after expiration of the one-year limitation period. (Doc. No. 5.)

After due consideration of the § 2255 motion, the parties' submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Peagler's motion should be denied because it is time-barred.

## II.  DISCUSSION

### A.  *Limitation Period*

A § 2255 motion must be filed within the statute of limitations period imposed by the AEDPA. Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation runs from the latest of

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As noted above, the district court sentenced Peagler on November 12, 2002, and entered judgment in his case on November 22, 2002. Because Peagler did not appeal from that judgment, the judgment of conviction became final ten days later, on December 2, 2002. *See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within ten days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires). The § 2255 limitation period, then, expired one year later, on December 2, 2003. Peagler did not file his § 2255 motion in this court until July 30, 2007.

Peagler argues that the § 2255 limitation period began to run again following his December 2005 resentencing, and more specifically, began to run at the conclusion of the appeal process from his resentencing, which he says ended on November 6, 2006 – the date on which the Eleventh Circuit granted his motion to dismiss his appeal from the district court's February 14, 2006, ruling denying his *pro se* Rule 35 motion. (Doc. 7.) Thus, Peagler insists that his § 2255 motion was timely when filed in this court on July 30, 2007.

However, when a federal prisoner is resentenced following a Rule 35(b) motion, the statute of limitations does not start from the date of the resentencing judgment. *See United States v. Sanders*, 247 F.3d 139, 142-44 (4th Cir. 2001). Under 18 U.S.C. § 3582(b), the defendant's original judgment of conviction remains the final judgment even if his sentence has been modified or reduced as the result of the filing a Rule 35 motion.[4] *Id.*; *see also United States v. Schwartz*, 274 F.3d 1220, 1223-24 (9th Cir. 2001); *Reichert v. United States*, 101 Fed.Appx. 13, 13-14 (6th Cir. 2004) (nonprecedential). In light of § 3582(b), Peagler's 2002 judgment of conviction remains his final judgment for purposes of the § 2255 statute of limitations, and he failed to file his § 2255 motion within one year after the date of that final judgment.

There is another reason the November 6, 2006, date does not control the limitation period analysis in Peagler's case. As indicated above, that is the date on which the Eleventh Circuit granted Peagler's motion to dismiss his appeal from the February 14, 2006, ruling of the district court, which denied Peagler's *pro se* Rule 35 motion. However, Peagler did *not* file an appeal from the district court's December 6, 2005, ruling granting the government's Rule 35(b) motion and reducing his sentence. Even if this court were to accept the argument that the December 6, 2005, resentencing judgment restarted the § 2255

---

[4]18 U.S.C. § 3582(b) provides, in relevant part: "Notwithstanding the fact that a sentence to imprisonment can subsequently be – (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure ... a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."

5

limitation period (and the court does not accept this argument), that judgment would have become final ten days later, on December 16, 2005, when Peagler did not appeal the judgment. Peagler's § 2255 motion was filed well over a year after that date. The appeal process that ended with dismissal by the Eleventh Circuit on November 6, 2006, did not involve the district court's resentencing judgment, but rather concerned the district court's later ruling *denying* Peagler's *pro se* motion for resentencing. Thus, there is no logical reason why the § 2255 limitation period would be tolled until November 6, 2006.

## B.   *Statutory Exceptions to Limitation Period*

Efforts by Peagler to seek safe harbor in the statutory tolling provisions of 28 U.S.C. § 2255 ¶ 6 (2)-(4) gains him nothing in this case.[5] There is no evidence that any unconstitutional or illegal governmental action impeded Peagler from filing a timely § 2255 motion. *See* § 2255 ¶ 6 (2). Although the government did not file its Rule 35(b) motion until long after Peagler's December 2002 sentencing, Peagler presents no evidence that the delay was for dilatory purposes or resulted from any reason other than the passage of time necessary for Peagler to provide assistance to the government in other prosecutions. Peagler's claims also do not rest on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255 ¶ 6 (3). Finally, Peagler does not submit any grounds for relief that could not have been put forth earlier under the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6 (4). All the facts

---

[5]Peagler does not assert that these tolling provisions should be applied to his motion.

underlying Peagler's claims that his counsel rendered ineffective assistance and that the government breached its agreement to recommend a greater sentence reduction were known – or could have been known – by Peagler no later than December 6, 2005, the date on which the district court granted the government's Rule 35(b) motion and reduced Peagler's term of imprisonment to 168 months. Thus, even if the December 2005 date is used as the date on which the § 2255 limitation period began to run, Peagler's § 2255 motion is nevertheless untimely.

## C.   *Equitable Tolling of Limitation Period*

The limitation period may be equitably tolled on grounds apart from those specified in § 2255 ¶ 6 (2)-(4) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

Here, Peagler does not allege, nor does the record independently suggest, any grounds for equitable tolling. As evident in this court's previous discussion, Peagler did not act diligently to challenge his resentencing by filing a § 2255 motion once the facts underlying his claims were known to him. Further, it is well settled that a petitioner's *pro se* status and ignorance of the law do not justify equitable tolling. *See United States v. Sosa*, 364 F.3d

7

507, 512 (4th Cir. 2004). *See also Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Jones v. United States*, 304 F.3d 1035, 1044-45 (11th Cir. 2002). Because Peagler is not entitled to tolling, statutory or equitable, his § 2255 motion is time-barred, and it is unnecessary to address the merits of the claims he raises in the motion.

While the merits and viability of a petitioner's claims are not factors for a court to consider in its determination of whether equitable tolling is justified,[6] it is of some interest to note that Peagler's claims are not legally viable. To the extent that Peagler challenges the performance of his counsel with regard to the Rule 35(b) sentence reduction, his claims fail because no right to counsel attaches to Rule 35 proceedings. *See United States v. Taylor*, 414 F.3d 528, 535-37 (4th Cir 2005); *United States v. Palomo*, 80 F.3d 138, 142 (5th Cir. 1996). To the extent that Peagler contends that the United States breached its agreement to recommend a greater sentence reduction, such a claim is procedurally barred because it was not presented to the Eleventh Circuit in an appeal from the district court's December 6, 2005, resentencing judgment (and was abandoned by Peagler when he moved to dismiss his appeal from the district court's February 14, 2006, denial of his *pro se* Rule 35 motion). Peagler does not assert cause and prejudice for this procedural default.[7] *See United States v. Frady*, 456 U.S. 152, 167-68 (1982) (to avoid application of procedural bar to § 2255 claim,

---

[6]*See Helton v. Secretary for Dept. of Corrections*, 259 F.3d 1310, 1314-15 (11th Cir. 2001).

[7]This court also questions the extent of its authority to provide relief in collateral challenges to alleged defects in Rule 35 proceedings when *appellate review* of Rule 35(b) proceedings is narrowly circumscribed under 18 U.S.C. § 3742. *See, e.g., United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996).

petitioner must show both cause for the failure to raise the claim on appeal and actual prejudice arising from that failure).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to vacate pursuant to 28 U.S.C. § 2255 be denied as time-barred and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **April 27, 2009.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 14th day of April, 2009.

           /s/Charles S. Coody
      CHARLES S. COODY
      UNITED STATES MAGISTRATE JUDGE